IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF
TENNESSEE WESTERN DIVISION

UNITED STATES,

Plaintiff,

v. No. 25-20405

TAVIS MCQUEEN,

Defendant.

# MOTION TO SUPPRESS FRUITS OF DECEMBER 2, 2025 TRAFFIC STOP WITH SUPPORTING MEMORANDUM OF FACT AND LAW

Comes now the defendant, Tavis McQueen, by and through his court-appointed counsel of record, John H. Parker II, and, pursuant to Fed. R. Crim. P. 12(b)(3)(C), moves this Court to suppress all items seized and statements obtained as a result of the traffic stop, detention, and arrest which occurred on December 2, 2025 due to the violation of Mr. McQueen's rights under the Fourth Amendment to the United States Constitution. In support thereof, Mr. McQueen would show:

1. On December 2, 2025 at approximately 5:47 p.m., Tennessee Highway Patrol Trooper Ethan Storms stopped a black Nissan Altima for an inoperable passenger-side tail light and tag light. The Altima was being driven by Sabrina Murray and was occupied by Tavis McQueen.

2. Upon approaching the vehicle, Trooper Storms stated that he detected the odor of Marijuana coming from inside the vehicle. Trooper Storms conducted a probable cause search

and located a black Glock handgun with a machinegun conversion device attached and a bag of marijuana in the glove box.

3. Dashcam video from the Trooper's vehicle provides the date and time of the video and confirms that it was dark outside. It shows that prior to the stop, the Trooper was stopped at a red light and two vehicles approach the intersection from the opposite direction prior to needing to stop. After the light turned green, the Trooper proceeds to travel west across the intersection and the two vehicles pass the trooper and continue driving east, in the opposite direction. The second vehicle is the Altima occupied by Mr. McQueen.

4. Immediately after the Altima and Trooper Storms' patrol vehicle cross paths, Trooper Storms proceeds to turn around, activate his lights and siren and accelerate up from behind the two vehicles.

5. As Trooper Storms approaches it, the Altima begins to slow down, as evidenced by the illumination of the vehicle's brake lights which remain illuminated until the vehicle stops and is placed in park.

6. Multiple members of law enforcement then approach the Altima, shining their flashlights into the vehicle.

7. Shortly thereafter, Mr. McQueen is removed from the passenger seat and the vehicle is searched, revealing the marijuana and the Glock with the attached conversion device.

8. The Nissan Altima that Mr. McQueen occupied was stopped without violating any Tennessee traffic laws. The illegal stop led to an illegal search, all in violation of Mr. McQueen's state and federal constitutional rights.

9. The search was warrantless, not incident to lawful arrest, and without consent.

10. Warrantless searches are *per se* unreasonable and the government bears the burden of demonstrating that the search falls within a recognized exception.

11. During the illegal stop, detention, and search, Mr. McQueen invoked his 5th Amendment right to remain silent but law enforcement officers continued to question him and he eventually claimed ownership of the handgun and conversion device.

12. Mr. McQueen submits that all items seized and any statements made should be suppressed because they were illegally obtained.

## LAW AND ARGUMENT

Pursuant to L.Crim.R. 12.1(b), Tavis McQueen incorporates the following memorandum of fact and law in support of his motion to suppress all items seized and statements obtained as a result of the aforementioned traffic stop.

While it is well settled that if probable cause to believe that a traffic violation has occurred then law enforcement has the right to make a traffic stop, Whren v. United States, 517 U.S. 806 (1996); United States v. Mesa, 62 F.3d 159 (6th Cir.1995), an actual traffic violation must have occurred and been observed.

In the case at bar, the stop was not valid. Even if Trooper Storms could have seen the non-functioning lights on a vehicle as it travels past him in the opposite direction, this was not the situation presented. The lights on the Altima worked.

Counsel would further state that, pursuant to local rules, he has consulted with Assistant United States Attorney Wendy Caceras, who does not object to the filing of this motion

WHEREFORE, PREMISES CONSIDERED, defendant prays this Court conduct any necessary hearing, grant his motion and order the statements and evidence suppressed.

Respectfully submitted,

s/ John H. Parker II________
John H. Parker II (#20920)
Attorney for Defendant
619 S. Cooper St.
Memphis, Tennessee 38104

**CERTIFICATE OF SERVICE**

I, John H. Parker II, do hereby certify that a copy of the foregoing Motion to Suppress was forwarded to the United States Attorney or his Agent in this jurisdiction via the Court's electronic filing system on this 16th day of March, 2026.

s/John H. Parker II
John H. Parker II